**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey HOWARD, Defendant–
Appellant.**

No. 01–2515.

United States Court of Appeals,
Sixth Circuit.

July 31, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

This is a direct appeal from a judgment and commitment order in which counsel for the defense moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Jeffrey Howard (also known as Douglas Patterson) and another individual were named in a one count indictment for bank fraud. Howard subsequently entered into a Rule 11(e)(1)(C) plea agreement, capping Howard's sentencing exposure at thirty months, in exchange for his guilty plea to the indictment. The district court accepted Howard's plea in open court and the matter was set over for sentencing. At sentencing, the district court found Howard guilty of one count of bank fraud, in violation of 18 U.S.C. § 1344, and sentenced him to a twenty-four month term of imprisonment to be followed by a thirty month period of supervised release. This appeal followed.

Counsel for Howard filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Howard was served with the motion and brief and invited to respond, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir.1988), but chose not to do so.

On July 3, 2000, Howard met with an employee of Comerica Bank, a Detroit, Michigan, financial institution insured by the Federal Deposit Insurance Corporation. Howard and the employee concocted a scheme to transfer $150,000 out of a Comerica account owned by a California-based company, Econolite Control Products, into accounts opened by Howard at a Toledo branch of an Ohio bank. Howard used a telephone in Detroit to effect the transfer and he successfully withdrew $8,000 from the Toledo bank before he was apprehended in the act of making a second withdrawal.

Howard was indicted and entered into a plea agreement. Howard admitted to his guilt, the government agreed to cap Howard's sentencing exposure to thirty months and the matter proceeded to a plea colloquy in open court. The district court satisfied itself that Howard was competent to enter the plea, that Howard understood the constitutional rights he would be forfeiting by offering the plea, that the plea was voluntary and that Howard was aware of the possible penalties. The court was also made aware that Howard suffered from polymyositis, a degenerative condition attacking the tissues joining bones, and that Howard was receiving substandard, or no, medical care for his condition. The court set the case over for sentencing pending completion of a pre-sentence report and expressed interest in Howard receiving the best medical care possible under the circumstances in the interim.

At sentencing, neither Howard nor his counsel raised any objections to the guideline range of twenty-four to thirty-six months (with a binding plea agreement cap of thirty months). Howard did, however, move for a downward departure from the guideline range on the authority of USSG § 5H1.4, the guideline provision that permits sentencing below the range in recognition of a defendant's "extraordinary physical impairment." Counsel addressed the merits of the motion and Howard spoke at length on this, and other unrelated, topics. The district court denied the motion, reviewed the sentencing and treat-

ment options that would be available to Howard, and sentenced Howard to the bottom of the guideline range with a recommendation that Howard be sent to the federal corrections medical facility at Lexington, Kentucky.

Counsel raises two arguable issues for appellate review in furtherance of his duty under *Anders* while conceding their lack of merit. Specifically, counsel suggests that Howard's plea may not pass constitutional muster and that the district court may have erred in denying the motion for a downward departure.

There are no reversible errors apparent in either the plea agreement or the plea colloquy, and Howard plainly received the benefit of his bargain. As noted earlier, the district court strictly adhered to the protocol mandated by Criminal Rule 11 in engaging Howard in a plea colloquy that established Howard's fitness to enter the plea, his awareness of its terms and consequences and his recitation of the factual basis for the plea. The plea agreement was made pursuant to Fed.R.Crim.P. 11(e)(1)(C), in which the government and the defendant agree that a specific sentence or sentencing range is appropriate and the district court is bound to impose that sentence if it accepts the plea agreement. The district court did accept the terms of the agreement and sentenced Howard below the agreed-upon thirty month cap.

There is likewise no merit to the contention that the court erred in failing to effect the requested downward departure. Section 5H1.4 of the Sentencing Guidelines reads as follows:

Physical Condition, Including Drug or Alcohol Dependence or Abuse (Policy Statement)

Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

The record in this case clearly indicates that the district court was aware of its discretion to effect the departure requested by Howard. "We have consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Butler,* 207 F.3d 839, 843 (6th Cir.2000). At Howard's sentencing hearing, the district court considered the merits of granting Howard a downward departure on account of his health and denied the motion. Thus, "[i]t seems clear that the district court recognized its power to depart downwards but merely exercised its discretion not to do so." *Id.* at 844. Therefore, Howard's claim that the district court erred in not granting his motion for downward departure is not reviewable on this appeal.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.